UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DeMARTINI, et al., | No. 2:24-cv-00415 DJC CKD (PS) |
| Plaintiffs and Counter Defendants, | |
| v. | ORDER AND |
| MICHAEL J. DeMARTINI, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants and Counter Claimants. | |

Plaintiffs Timothy P. DeMartini and Margie DeMartini initiated this action in the Superior Court of California, County of Nevada, with the filing of an ex parte application for order for sale of dwelling under California Code of Civil Procedure §§ 704.40-704.770, et seq. (ECF No. 1.) Proceeding pro se, defendants Michael J. DeMartini and Renate DeMartini removed the case under 28 U.S.C. §§ 1332, 1441 on the basis of diversity jurisdiction. (Id.) After removing the case, defendants filed an answer with counterclaims (ECF No. 3.) Several pending motions filed by plaintiffs are before the court.[1]

Sua sponte, the court considers its own subject matter jurisdiction and finds this is a non-removable action over which it lacks subject matter jurisdiction. This case should be remanded to

---

[1] This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

the Nevada County Superior Court. In light of the recommendation to remand this case for lack of subject matter jurisdiction, the court vacates the hearings on the plaintiffs' pending motions currently set to take place on May 8, 2024.

### I.  Background

On June 25, 2020 and November 27, 2023, in the Marin County Superior Court, Case No. CIV-085235, plaintiffs obtained two judgments against defendants. (ECF No. 1 at 7 & 20-25.) The total balance due on the combined judgments as of December 20, 2023, was $147,715.37. (Id. at 7.) On January 16, 2024, the Nevada County Sheriff, as levying officer, mailed a Notice of Levy on the real property commonly known as 13298 Newtown Road, Nevada City, CA, 95959. (Id. at 8.)

On January 30, 2024, plaintiffs filed the ex parte application for order for sale of dwelling in the Nevada County Superior Court, which was assigned case number CU0001196. (ECF No. 1 at 7.) On February 6, 2024, defendants removed case number CU0001196 from the Nevada County Superior Court to this court. (Id.) On February 7, 2024, defendants filed an answer with counterclaims (ECF No. 3).

On March 7, 2024, plaintiffs filed a motion to dismiss the counterclaims and a motion for judgment on the pleadings as to their ex parte application for order for sale of the dwelling. (ECF Nos. 5, 6.) These motions are fully briefed. (See ECF Nos. 14, 15, 23, 24.)

On March 14, 2024, plaintiffs filed a special motion to strike portions of the counterclaims under section 425.16 of the California Code of Civil Procedure ("Anti-SLAPP Motion"). (ECF No. 11.) The motion is fully briefed. (See ECF No. 21, 26.)

On March 22, 2024, plaintiffs filed a request for abstention which was deficiently filed because it was not noticed in compliance with Local Rule 230(b). (See ECF Nos. 16, 22.)

On March 25, 2024, defendants filed a notice of related cases. (ECF No. 17.) On March 27, 2024, this case was related to 2:14-cv-02722-DJC-CKD and was reassigned to District Judge Daniel J. Calabretta and the undersigned for all further proceedings. (ECF No. 19.)

On April 1, 2024, plaintiffs filed a properly noticed motion for abstention. (ECF No. 25.) The motion is fully briefed. (See ECF Nos. 29, 30.)

## II. Subject Matter Jurisdiction \ Non-Removable Action

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). Because subject matter jurisdiction cannot be waived by the parties, the court must remand the case if it lacks jurisdiction over the matter. Id.; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Removal statutes are strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941); Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

Under the federal removal statute, "any civil action, brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...." 28 U.S.C. § 1441(a). Courts interpret this section to allow defendants to remove only "state-court actions that originally could have been filed in federal court." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005).

Federal courts may not exercise control over state proceedings by entertaining supplementary actions which are but incidents of state suits. Barrow v. Hunton, 99 U.S. 80, 82-83 (1879). Accordingly, state court actions based on diversity jurisdiction are removable only if they "have the same essentials as original suits permissible in District Courts; that is that they can be readily assimilated to suits at common law or equity, and that there must be diverse citizenship of the parties and the requisite pecuniary amount involved." Comm'rs of Rd. Improvement Dist. No. 2 v. St. Louis Sw. Ry. Co., 257 U.S. 547, 561-62 (1922); see also In re Kendricks, 572 F. Supp. 2d 1194, 1197 (C.D. Cal. 2008) (finding petition for orders regarding decedent's claim to property filed under section 850 of the California Probate Code satisfied the requirements of a "civil action" because such a petition was similar in many respects to an ordinary civil lawsuit and could include "claims, causes of action, or matters that are normally raised in a civil action").

////

"The term 'civil action' [in 28 U.S.C. § 1441(a)] has long been interpreted to require a separate suit that is not ancillary, incidental, or auxiliary to a suit in state court." High Speed Cap., LLC v. Corp. Debt Advisors, LLC, 339 F. Supp. 3d 137, 141 (W.D.N.Y. 2018); see also Travelers Prop. Cas. v. Good, 689 F.3d 714, 724 (7th Cir. 2012); Ohio v. Doe, 433 F.3d 502, 506 (6th Cir. 2006). Thus, removal is barred where a "supplementary ... court proceeding does not independently qualify as a removable 'civil action' under 28 U.S.C. § 1441(a)." Armistead v. C. & M. Transp., 49 F.3d 43, 46 (1st Cir. 1995) (citing Barrow, 99 U.S. at 82).

A supplemental or ancillary proceeding is one that is "substantially a continuation" of a prior suit. Barrow, 99 U.S. at 82. Such a proceeding is generally not removable. Id.; see also Coeur D'Alene Ry. & Nav. Co. v. Spalding, 93 F. 280, 286 (9th Cir. 1899) ("A suit or proceeding which is merely ancillary or auxiliary to the original action ... as distinguished from independent and separate litigation, is not removable to the federal court.").

Relevant here, the ex parte application for order for sale of dwelling, filed in the Nevada County Superior Court under California Code of Civil Procedure § 704.740, et seq., arises out of the plaintiffs' judgments in the Marin County Superior Court, case number CIV-085235. It is substantially a continuation of the prior Marin County suit, as reflected, in part, by the Marin County case number appearing on the ex parte application for order for sale.

The statutory scheme at issue sets forth a special procedure to be followed for sale of a dwelling to enforce a money judgment:

> Promptly after a dwelling is levied upon…, the levying officer shall serve notice on the judgment creditor that the levy has been made and that the property will be released unless the judgment creditor complies with the requirements of this section. Service shall be made personally or by mail. *Within 20 days after service of the notice, the judgment creditor shall apply to the court for an order for sale of the dwelling and shall file a copy of the application with the levying officer.* [….]

Cal. Civ. Proc. Code § 704.750(a) (emphasis added). If, as here, the dwelling is located in a county other than the county where the judgment was entered, the judgment creditor shall apply to the superior court of the county where the dwelling is located. Id., subd. (b). After a hearing scheduled not later than 45 days after the application is filed, the court must determine whether

the homestead exception applies to the real property at issue. See generally In re Marriage of Schenck, 228 Cal.App.3d 1474, 1480-81 (1991); Cal. Civ. Proc. Code § 704.770(a).

Thus, Cal. Civ. Proc. Code § 704.740 et seq. contains a procedural mechanism by which judgment creditors can enforce a money judgment by filing an order for sale of a dwelling. This procedural mechanism does not share many similarities with an ordinary independent civil action, and is not readily assimilated to a suit at common law or equity.[2] Instead, the ex parte application for order for sale of a dwelling is "a supplemental proceeding" that is a "mere mode of execution or relief, inseparably connected with the original judgment in the state court proceeding and therefore not removable." Est. of Jackson v. Ventas Realty, Ltd. P'ship, 812 F. Supp. 2d 1306, 1314 (M.D. Fla. 2011) (cleaned up) (quoting 14B Wright & A. Miller, Federal Practice & Procedure, § 3721 at 36 (2009); see also High Speed Cap., LLC, 339 F. Supp. 3d at 143 ("the underlying petition is ancillary to that state court proceeding and not removable to federal court"); Hart v. Kanady, No. CIV.H-09-3089, 2009 WL 3856668, at *1 (S.D. Tex. Nov. 17, 2009) (proceeding to enforce or execute an order obtained in state court is "entirely ancillary to, and dependent upon, the original suit" and is not removable); Armistead, 49 F.3d at 46 (noting "[r]ecent cases in which parties attempt to remove state supplementary proceedings are scarce, but the federal bar to entertaining 'satellite elements' of pending state suits and judgments clearly remains intact").

The current application under California Code of Civil Procedure § 704.750 does not qualify as a "civil action" that is removable within the meaning of 28 U.S.C. § 1441(b). See Davis v. Evanston Ins. Co., 644 F. Supp. 3d 1009, 1010 (M.D. Fla. 2022), objections overruled, No. 2:22-CV-640-JLB-KCD, 2024 WL 772222 (M.D. Fla. Feb. 26, 2024) (holding Florida statute allowing judgment holder to bring supplementary proceedings to recover assets to satisfy the judgment was not an independent, removable "civil action" within the meaning of 28 U.S.C. §

---

[2] For example, the state procedure does not allow for an answer or counterclaims to respond to such a petition. See Code of Civ. Proc. 704.780(b). Although federal law governs the characterization of a supplemental proceeding for the purpose of removal, Harrison v. St. Louis & S.F.R. Co., 232 U.S. 318, 328-31 (1914), "to totally ignore the structure of state procedural law would reflect an overly-procrustean view" and would infract the principle of comity, Butler v. Polk, 592 F.2d 1293, 1296 n. 7 (5th Cir. 1979).

1441). The improper removal constitutes a violation of the court's limited subject matter jurisdiction rather than a defect in removal procedure.[3] See Armistead, 49 F.3d at 47-48; Ohio v. Doe, 433 F.3d at 506. Accordingly, this case should be remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

### III.    Conclusion, Order, and Recommendation

In light of the recommendation to remand this case, IT IS ORDERED that the hearings on plaintiffs' motion to dismiss (ECF No. 5), motion for judgment on the pleading (ECF No. 6), special motion to strike (ECF No. 11), and motion for abstention (ECF No. 25), currently calendared to take place on May 8, 2024, are VACATED.

In addition, for the reasons set forth above, it is HEREBY RECOMMENDED as follows:

1. This action be REMANDED to the Nevada County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.
2. The Clerk of Court be directed to serve a certified copy of the order remanding the case on the Clerk of the Nevada County Superior Court, and to reference the state case number CU0001196 in the proof of service.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.

---

[3] Plaintiffs waived any challenge to a "defect in removal procedure." See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). The court lacks authority to remand, sua sponte, on a mere defect in removal procedure. See Smith v. Mylan Inc., 761 F.3d 1042, 1045 (9th Cir. 2014).

1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 30, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

demartini24cv415.rmnd